UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON W., | |
| Plaintiff, | CASE NO. C21-1495-MAT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1985.[1] Plaintiff has at least a high school education and previously worked as a firefighter, groundskeeper, and cabinet fabricator/installer. AR 38. Plaintiff filed an application for Disability Insurance Benefits (DIB) on June 24, 2019, and an application for Supplemental Security Income (SSI) on December 3, 2019, alleging disability beginning May

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

16, 2016. AR 26. The applications were denied at the initial level and on reconsideration. On March 3, 2021, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 46–84. On March 26, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 26–39. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on September 22, 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 28.

At step two, the ALJ found that Plaintiff has the following severe impairments: congenital

narrowing of the central canal due to short pedicles and superimposed spondylosis; mild

degenerative disc disease of the thoracic spine and posterior epidural lipomatosis; headaches;

insomnia; major depressive disorder; anxiety disorder; posttraumatic stress disorder (PTSD); and

alcohol and cannabis use disorders. AR 28–29. The ALJ also found that the record contained

evidence of sleep apnea and fibromyalgia; however, the ALJ found that Plaintiff's sleep apnea to

be non-severe and that Plaintiff's fibromyalgia was not a medically determinable impairment. AR

29.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria

of a listed impairment. AR 29–30.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to

perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following

limitations:

> [T]he claimant can occasionally reach overhead bilaterally and can
> frequently reach in all other directions bilaterally. Further, he can
> occasionally climb ramps and stairs, never climb ladders, ropes, or
> scaffolds, and can occasionally balance, stoop, kneel, crouch, and
> crawl. He can never be exposed to unprotected heights, moving
> mechanical parts, or operate a motor vehicle. He has the ability to
> understand, remember, apply information, concentrate, persist, and
> maintain pace to perform simple, routine, and repetitive tasks, but
> not at a production rate pace (i.e. assembly line work). He is also
> limited to simple work related decisions in using his judgment and
> dealing with changes in the work setting and can occasionally
> interact with supervisors, coworkers, and the public.

AR 31. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work.

AR 38.

At step five, the ALJ found that Plaintiff retains the capacity to make an adjustment to work

that exists in significant levels in the national economy. AR 38–39. With the assistance of a VE,

the ALJ found Plaintiff capable of performing other jobs, such as work as an office cleaner, mail

ORDER
PAGE - 3

clerk, and food service worker. AR 39.

Plaintiff argues on appeal that the ALJ erred by rejecting the opinion from Dr. Gerald Cavenee, Ph.D., without proper evaluation, and failed to apply a proper standard when considering the severity of Plaintiff's underlying impairments despite substance abuse. Plaintiff requests remand for a *de novo* hearing and a new decision. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### 1. Medical Opinions

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### A. Dr. Gerald Cavenee, Ph.D.

On May 17, 2018, Dr. Cavenee completed a mental evaluation for Washington State's Department of Social and Health Services (DSHS). AR 304–307. Dr. Cavenee assessed Plaintiff with marked limitations in his ability to communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan

ORDER
PAGE - 4

1    independently. AR 306. Dr. Cavenee assessed Plaintiff with moderate limitations in all other areas

2    of basic work activities but assessed Plaintiff with marked overall severity. AR 306.

3           The regulations require the ALJ to articulate the persuasiveness of each medical opinion

4    and explain how the ALJ considered the supportability and consistency factors for that opinion.

5    20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found Dr. Cavenee's opinion

6    "supported by the psychologist's exam" but found that the doctor's assessment of mark limitations

7    "are wholly inconsistent with how the claimant actually performed." AR 35–36. The ALJ further

8    found Dr. Cavenee's opinion to be "inconsistent with other evidence of record as a whole." AR 36.

9           Plaintiff argues that the ALJ improperly evaluated Dr. Cavenee's opinion because the ALJ

10   "failed to acknowledge or discuss Dr. Cavnee's [sic] supporting explanation and interpretation of

11   clinical scales administered during testing." Dkt. 17, at 5. Specifically, Plaintiff argues that the

12   ALJ improperly disregarded evidence that Dr. Cavenee administered Beck tests for depression and

13   anxiety that indicated moderate and severe symptoms, respectively, and that the examination

14   showed depressed and anxious mood and affect. *Id.* at 6. The ALJ found Plaintiff's depression and

15   anxiety impairments to be severe at step two and considered Plaintiff's depressed and anxious

16   mood and affect during Dr. Cavenee's examination. AR 28–29, 35–36. However, the ALJ found

17   Dr. Cavenee's assessment of marked limitations inconsistent with the doctor's clinical findings.

18   AR 36; *see* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (under the supportability factor, "[t]he

19   more relevant the objective medical evidence and supporting explanations presented by a medical

20   source are to support his or her medical opinion(s) . . . the more persuasive the medical

21   opinions . . . will be"). Dr. Cavenee noted that there was "no evidence of psychomotor agitation or

22   retardation" in Plaintiff's appearance, that Plaintiff's speech was normal and he was neither

23   tangential nor circumstantial, that Plaintiff was calm and cooperative throughout the evaluation,

ORDER
PAGE - 5

1   and that Plaintiff's thought process and content, orientation, perception, memory, fund of

2   knowledge, concentration, abstract thought, and insight and judgment were within normal limits.

3   AR 307. Dr. Cavenee further found that Plaintiff scored 30 out of 30 on his mental status

4   examination and performed a memory and reasoning task satisfactorily. AR 307. The ALJ

5   reasonably found Dr. Cavenee's marked limitations unsupported by these findings. Plaintiff's

6   alternative interpretation of Dr. Cavenee's clinical findings does not deprive the ALJ's finding of

7   substantial evidence. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999)

8   ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion

9   must be upheld."). Because the ALJ properly considered Dr. Cavenee's exam findings and clinical

10  test results and reasonably found that they did not support the doctor's assessment of marked

11  limitations, Plaintiff has not shown that the ALJ erred in evaluating the persuasiveness of

12  Dr. Cavenee's opinion.

13      Plaintiff next argues that the ALJ improperly found Dr. Cavenee's opinion to be

14  inconsistent with the record because "the ALJ failed to set out a detailed and thorough summary

15  of the facts and conflicting findings." Dkt. 17, at 7. The ALJ found that "through the longitudinal

16  period at issue, the claimant presented unremarkably." AR 36 (citing AR 3162, 3469–70, 3566,

17  3612–13, 3631, 3639); 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (under the consistency

18  factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical

19  sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . .will

20  be"). The medical records indicate that, although Plaintiff presented with an anxious and depressed

21  mood and affect, Plaintiff's mental status exams generally revealed appropriate eye contact,

22  speech, insight, judgment, and behavior; goal-oriented, logical, and linear thought process; intact

23  memory; and average fund of knowledge. AR 3162, 3469–70, 3566, 3613, 3631, 3639. These

records are reasonably inconsistent with Dr. Cavenee's assessment of marked limitations. Therefore, the ALJ reasonably found that the medical record as a whole was inconsistent with Dr. Cavenee's opinion, and Plaintiff has not shown that the ALJ erred.

Plaintiff argues that the evidence discussed by the ALJ "is not representative of the longitudinal records and grossly mischaracterizes Plaintiff's psychosis and paranoid delusions as 'transient.'" Dkt. 17, at 16. Plaintiff cites several medical records arguing that the medical evidence "reveals escalating depression, PTSD, anxiety, and paranoid delusions throughout the relevant period." *Id.* at 7, 15. It is error for the ALJ to "cherry-pick[]" statements in a medical record; rather, observations "must be 'read in context of the overall diagnostic picture' the provider draws." *Ghanim*, 763 F.3d at 1162, 1164 (citation omitted). Here, the ALJ considered Plaintiff's reports of paranoia and delusion and found that "such symptoms were transient as other records showed that the claimant appeared more relaxed and happy and that he began dating." AR 33. The ALJ further noted that symptoms associated with Plaintiff's PTSD improved with counseling, that Plaintiff reported feeling better mentally after coming off his medications, and that, despite his impairments and instances of tearfulness or guardedness, medical records showed that Plaintiff "retained a logical, linear thought process with no significant sign of attention deficits" and further "remained capable of engaging and attending to discussion." AR 33. Plaintiff offers a different interpretation of the medical evidence; however, the ALJ's equally rational interpretation must be upheld. *See Morgan*, 169 F.3d at 601. Therefore, Plaintiff has not shown that the ALJ erred in considering the evidence of Plaintiff's mental impairments when evaluating Dr. Cavenee's opinion.

Plaintiff further argues that the ALJ errantly dismissed evidence of Plaintiff's psychiatric hospitalizations because they occurred in the context of substance use. Dkt. 17, at 16. Only after finding a claimant disabled regardless of substance use may the ALJ consider whether the claimant

ORDER
PAGE - 7

would still be disabled if they stopped substance use. *See Bustamente v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001); *see also* 20 C.F.R. §§ 404.1535, 416.935. Here, the ALJ noted that Plaintiff was hospitalized in 2019 and 2020 for suicidal ideation, paranoia, and delusions in the context of substance use. AR 33–34, 36. Nevertheless, the ALJ found that Plaintiff presented unremarkably, had a linear and intact thought process, appeared attentive and cooperative, had no signs of psychomotor agitation or slowing, and had intact memory. AR 33–34, 36. Accordingly, the ALJ's decision does not indicate that the ALJ improperly disregarded Plaintiff's mental health symptoms because of Plaintiff's substance use. Further, because the ALJ found Plaintiff not disabled under the five-step procedure, it was not necessary for the ALJ to conduct a drug and alcohol analysis to determine whether substance abuse was material to Plaintiff's disability. Therefore, Plaintiff has not shown that the ALJ erred in evaluating the medical evidence of record.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 12th day of September, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 8